UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEY SALEH, and EMAN SALEH,

    Plaintiff,

v.

TOYOTA MOTOR CREDIT
CORPORATION,

    Defendant.
_____/

Case No. 2:19-cv-10765
Honorable

HADOUS|CO. PLLC
Nemer N. Hadous (P-82285)
1 Parklane Blvd., Suite 729 East
Dearborn, Michigan 48126
(313) 415-5559 (direct)
(888) 450-0687 (fax)
nhadous@hadousco.com
Attorneys for Plaintiffs

## CIVIL COMPLAINT

## JURY DEMAND

NOW COME Joey Saleh and Eman Saleh, (collectively, "Plaintiffs"), by counsel, for their Complaint against Defendant Toyota Motor Credit Corporation ("Defendant"), alleging violations of the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction because this action arises out of violations of federal law. 28 U.S.C. §§ 1331. Jurisdiction is also proper pursuant to 15 U.S.C. § 1681p (FCRA) (permitting actions to enforce liability in an appropriate United States District Court).

2. Venue in the United States District Court for the Eastern District of Michigan is proper, because Defendant regularly transact business within this District, and are otherwise subject to personal jurisdiction in this District.

## PARTIES

3. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

4. Plaintiffs reside in Wayne County Michigan.

5. During all time pertinent to this Complaint, Defendant was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis.

6. Defendant is a corporation organized under laws of the State of California. Defendant can be served through its registered agent: The Corporation Company, 40600 Ann Arbor Road E, Suite 201, Plymouth, MI 48170.

7. Defendant is a "furnisher of information" under 15 U.S.C. §§ 1681s-2(a) and 1681s-2(a) (b) of the FCRA.

8. During all time pertinent to this Complaint, Defendant acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

9. Any violations by Defendant was not in good faith, were knowing, negligent, willful, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## FACTUAL ALLEGATIONS

10. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

11. Plaintiffs purchased an automobile from Defendant.

12. During the financing term, Plaintiffs experienced a temporary financial hardship and fell behind on their installment payments.

13. In late September 2016, Plaintiffs contacted Defendant and explained their temporary financial hardship, and the parties agreed to a temporary deferment to permit Plaintiffs to catch up on payments <u>without</u> repossession. Plaintiffs relied upon Defendant's representations to their detriment.

14. Nonetheless, Defendant erroneously repossessed Plaintiffs' automobile, contrary to the parties' agreement and understanding, depriving Plaintiffs of transportation.

15. Plaintiffs notified Defendant of the erroneous repossession, and Defendant returned Plaintiffs' vehicle without assessing Plaintiffs <u>any</u> charges or fees associated with the erroneous repossession.

16. Plaintiffs made all remaining payments required to Defendant.

17. In or about March 2017, Plaintiffs discovered Defendant reported not only the late/missed payments, but also the erroneous repossession of the vehicle without associated charges/costs.

18. Plaintiffs disputed Defendant's credit reporting through the nationwide consumer reporting agencies, explaining the erroneous repossession.

19. Plaintiffs received responses to these disputes in April 2017.

20. Plaintiffs' disputes were futile.

21. Defendant continues to furnish false, derogatory, incomplete, and misleading information about Plaintiffs to the national consumer reporting agencies causing Plaintiffs substantial financial harm, including multiple credit denials based upon the false and materially misleading reporting by Defendant.

22. Defendant failed to reasonably investigate Plaintiff's dispute; and failed to correct the false and materially misleading information contained in Plaintiffs' credit reports, despite knowledge of the erroneous repossession, Plaintiffs' completion of the lease payments, and the absence of charges/fees based

on the erroneous repossession, which information is also contained in Plaintiffs' file and the payment histories known to and reported by Defendant.

23. Consequently, Plaintiffs suffers damages, including the denial of loan, specifically based on Defendant's misleading reporting, loss of credit opportunity and other financial harm, and emotional distress, including, without, humiliation, anger, shock, embarrassment, and anxiety.

## COUNT ONE
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681

24. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

25. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continual functioning of the banking system.  Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

26. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other consumer

information. The FCRA imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

27. Defendant is a "furnisher" of information under the FCRA.

28. The FCRA requires that furnishers of information like Defendant to, among other things, conduct an investigation with respect to disputed information, review all relevant information, and report the results of the investigation to the credit reporting agency, and, if the investigation reveals the information is incomplete or inaccurate, report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

29. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law. Defendant obtained or had available substantial written materials that apprised them of its duties under the FCRA. Despite knowing these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiffs of their rights under the FCRA.

30. Plaintiffs disputed Defendant's tradeline through the nationwide consumer reporting agencies Experian, Equifax, and TransUnion. Defendant received notice of Plaintiff's dispute and otherwise possessed all information concerning Plaintiffs' lease history, including the erroneous repossession.

Nonetheless, Defendant failed to take the corrective measures required by the FCRA, including conducting a reasonable reinvestigation of the dispute, and correcting or modifying Plaintiffs' consumer information. Defendant inaccurately and misleadingly reports a bona fide repossession, when this was in fact an erroneous repossession.

31. Defendant violated sections 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in willful and negligent noncompliance of 15 U.S.C. § 1681s-2(a), (b), and engaging in conduct that violates 15 U.S.C. § 1681s-2(a), (b), including:

   (a) Willfully and negligently failing to conduct an investigation of Plaintiffs' dispute despite possessing knowledge of Plaintiffs' lease account, return of the vehicle to Plaintiffs without costs/fees, and Plaintiffs' subsequent payments pursuant to the lease agreement;

   (b) Willfully and negligently failing to review all relevant information concerning Plaintiffs' disputes, including its own records;

   (c) Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

   (d) Willfully and negligently failing to report inaccurate and incorrect information contained in the tradeline to the relevant consumer reporting agencies;

    (e)    Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Plaintiffs; and

    (f)    Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiffs to the credit reporting agencies despite actual knowledge of the falsity of the information it reported to the consumer reporting agencies.

32.    Defendant is a direct and proximate cause, as well as a substantial factor in causing damage and harm to Plaintiffs. Consequently, Defendant is liable for statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681 et seq.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment against Defendant for the following:

Fair Credit Reporting Act Violations

    (a)    Damages pursuant to 15 U.S.C. § 1681n(a)(1) and § 1681o(a)(1);

    (b)    Punitive damages as the Court may allow pursuant to 15 U.S.C. §§ 1681n(a)(2);

(c) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and

(d) Such other and further relief as this Honorable Court may deem just and proper, including post-judgment interest.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED this 14th day of March 2019,

HADOUS|CO. PLLC

/s/Nemer N. Hadous
Nemer N. Hadous (P-82285)
1 Parklane Blvd., Suite 729 East
Dearborn, Michigan 48126
(313) 415-5559 (phone)
(888) 450-0687 (fax)
nhadous@hadousco.com
Attorneys for Plaintiffs